## CANDADO STEVEDORING CORPORATION v. LOCKE, Deputy Com'r.

### No. 6301.

District Court, E. D. New York.
Oct. 25, 1932.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Robert P. Nash, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Beaubian, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

This is a suit brought under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, title 33, section 921, United States Code (33 USCA § 921), to enjoin the defendant from enforcing an award made by order filed in the office of the United States Employees' Compensation Commission for the Second Compensation District on April 5, 1932.

The case is submitted on stipulated facts.

It appears that one Niels Hansen, on or about March 25, 1931, sustained injuries while employed by the plaintiff on board the steamship K. I. Luckenbach. Thereafter he filed an employee's claim for compensation under the provisions of the aforesaid act. He was paid compensation for said injuries for total temporary disability at the rate of $20 per week from April 2, 1931, to May 3, 1931, in the aggregate amount of $91.44. After a hearing, the defendant, the deputy commissioner, made an award based on the following computation:

Period of Temporary Total Disability... 5.572 weeks
Permanent Partial Disability middle finger: 15% of 24⅜ weeks (30—5⅜ weeks) 3.66 weeks
Permanent Partial Disability ring finger: 10% of 19⅜ weeks (25—5⅜ weeks) 1.94 weeks

Total number of weeks payable..........11.172 weeks
11.172 weeks @ $20.00 a week equals.......... $223.44
Less payments made............................ 91.44

Balance due ................................ $132.00

The claimant sustained a total temporary disability of only 5⅜ weeks and at the expiration thereof he was able to and did resume his usual employment.

■ There is but one question to be considered, and that is, the validity of the award in so far as it provides for payment of compensation during the first 7 days of the disability immediately following the day of the injury. It is the contention of the plaintiff that the deputy commissioner should have made allowance for the payment for temporary total disability of only 4.572 weeks.

Title 33, U. S. Code, § 906 (a), 33 USCA § 906 (a), provides: "No compensation shall be allowed for the first seven days of the disability, except the benefits provided for in section 907 of this chapter: Provided, however, That in case the injury results in disability of more than forty-nine days, the compensation shall be allowed from the date of the disability."

The term "disability" is defined in section 902, subdivision 10, title 33, U. S. Code (33 USCA § 902 (10), as follows: " 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

But it is urged by the defendant that "disability" thus defined is only the disability contemplated by section 908, subdivisions (a) and (b), the former of which provides for compensation for permanent total disability, and the latter for temporary total disability; but does not include the disability referred to in section 908 (c) (subdivisions 1 to 13).

Injuries under permanent partial disability, 908 (c), 1 to 13, relate to the loss of some member of the body or the loss of hearing; and the defendant's position is that such "permanent partial disability" need not necessarily result in loss of earning capacity. It is contended that the workman may, perhaps, for a time following the injury, earn as much or even more than prior to the injury, but that in the long run, by the law of averages, a man who has suffered a loss or loss of use of a member of the body likewise suffers loss in earning capacity.

I think the defendant is in error. His reasoning is certainly not convincing.

If one enters the realm of speculation, it is hard to understand how the loss of a member of the body, arm, leg, hand, foot, eye, finger, toe, or loss of hearing, although resulting in "permanent partial disability" as a final stage of the injury, is not preceded by at least a temporary total disability. Such, of course, was the case here; and, indeed, there was a finding of temporary total disability of 5.572 weeks.

■ The rules of statutory construction are binding, and accordingly we are concluded by the definition set forth in the act itself.

Applying that test as the only logical, and, as I deem it, the only legal, test, the inquiry is narrowed to a determination of the time during which because of the injury Niels was prevented from earning the wages which he was receiving at the time of the injury. If such period exceeded 49 days, he was entitled to compensation for the first seven.

Therefore, if paragraph ninth of the stip-

ulated facts means that, when he resumed his usual employment, he also had the capacity to earn the wages which he was receiving at the time of the injury, the award must be modified in accordance with the prayer of the complaint.

Neither brief cites authority in the matter.

Plaintiff may have a decree in accordance with the foregoing opinion.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.